## IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT JACKSON
_____

|  |  |  |
|---|---|---|
| **WAYMON FREDERIC AXLEY,** | ) | Shelby County Circuit Court |
|  | ) | No. 143643 R.D. |
| Plaintiff/Appellee. | ) |  |
|  | ) |  |
| VS. | ) | C. A. No. 02A01-9412-CV-00283 |
|  | ) |  |
| **BEVERLY ANNE MALLETTE AXLEY,** | ) |  |
|  | ) |  |
| Defendant/Appellant. | ) |  |
|  | ) |  |

**FILED**

**May 9, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

From the Circuit Court of Shelby County at Memphis.
**Honorable W. Michael Maloan, Chancellor By Designation**

**Stevan L. Black**,
**Vicki J. Singh,**
BLACK, BOBANGO & MORGAN, P.C., Memphis, Tennessee
Attorneys for Defendant/Appellant.

**Kay Farese Turner**, Memphis, Tennessee
**Charle W. McGhee**, Memphis, Tennessee
Attorneys for Plaintiff/Appellee.

OPINION FILED:

**AFFIRMED AS MODIFIED AND REMANDED**

**FARMER, J.**

**LILLARD, J.** : (Concurs)
**TOMLIN, Sr. J.** : (Concurs)

After a thirty year marriage,[1] Waymon Frederic Axley (Husband) and Beverly Anne Mallette Axley (Wife) were divorced by final decree entered by the trial court in August 1994.[2] This appeal concerns the trial court's award to Wife of $1,500 per month as ***alimony in futuro*** and, as additional alimony, $177.62 per month for 36 consecutive months to continue Wife on Husband's health insurance through his employer. Wife seeks an increase in the award as well as her attorney's fees for services rendered in this appeal. She frames the issues as follows:

> I. Did the trial judge err by awarding Wife only $1,500 per month in periodic alimony?
>
> II. Should this Court remand this matter to the trial court with the instruction to set a reasonable amount of attorney's fees for this appeal?

For the following reasons, we are inclined to agree with Wife and affirm the trial court's judgment as modified.

At the time of trial, Husband and Wife were 57 and 54 years old, respectively. Wife is a high school graduate with four quarters of college. Husband obtained his law degree in 1964 and currently serves as a criminal court judge in Memphis, earning $87,900 annually. Prior to her second marriage to Husband, Wife worked as a secretary for a hospital administrator. She resigned in order to marry Husband and move to Memphis. Wife was not employed outside the home until 1991, when she began working part-time as a preschool and Bible teacher at a church. She testified that she is not qualified to teach in any school system. Wife's gross annual income in 1993 was $4,500. She works approximately 16 hours per week and states that she is unable to work full time for health reasons.

The record indicates that Wife's health problems include thoracic outlet syndrome, frozen shoulder, chronic sinusitis and bronchitis, irritable bowel syndrome and osteoporosis. Wife takes medication daily due to the removal of her thyroid several years ago. She was previously

---

[1]These parties originally married in 1959, divorcing in 1961. They remarried in 1964 and have two adult children.

[2]Wife was awarded the divorce on grounds of inappropriate marital conduct.

diagnosed with uterine cancer for which she underwent a radical hysterectomy. Wife testified that her most recent pap smear was abnormal.

The parties' 24 year old son, Greg, has attention deficit disorder. He resides with Husband who also furnishes his food and clothing. Greg completed high school on schedule and currently attends college studying bio-medical engineering technology. Husband testified that "[Greg] takes his courses at a slower pace," due to the disorder. Greg has attended college every semester, including summers, for the past 6 years. He sometimes is able to enroll in only one course at a time depending on the difficulty of the subject matter. According to Husband, Greg needs to complete "four or five more courses" to obtain his degree. Husband pays for Greg's tuition, tutorial services as needed and books. Greg is employed part-time at the Shelby County Sheriff's Department earning approximately $380 per month. Husband states that Greg does not apply any of his salary towards school tuition and supplies. Although Greg has never had an independent place to live, Husband believes his son capable of earning sufficient funds to provide for himself. "[w]hen he gets his degree." Husband confirmed that Greg does not suffer from any physical disability or illness and is not mentally retarded. Greg was treated with Ritalin for his disorder until the age of 12.

Wife agrees that her son needs assistance "in his living and expenses" until completing his education. She "[does not] argue" with Husband's payment of Greg's school tuition , but stated that a grant might be available to assist her son. She testified that Greg had such a grant "at one time."

As concerns the award of alimony, the trial court ruled as follows:

> The Court finds that due to [Wife's] age, health, lack of marketable job skills or experience and education, rehabilitation of the [Wife] is not feasible. The Court finds that [Wife] will continue to have limited employability. The Court further finds that [Husband] presently makes a net income of $5,350.00 per month and that [Wife] averages an income of $375.00 per month. The Court finds that [Husband] and son have anticipated expenses of $4,593.00 and that [Wife] has anticipated expenses of $3,425.00. The Court finds that both parties have significant financial needs and neither will be able to enjoy their prior lifestyle.

The court also found that Wife, as a homemaker, had contributed to the marriage and to Husband's two successful campaigns for judge.[3] In dividing the marital property, the court awarded approximately $105,000 in assets to Wife and $100,000 to Husband.

Our review of the trial court's decision is *de novo* upon the record accompanied by a presumption of correctness as to the trial court's findings of fact, unless a preponderance of the evidence is otherwise. Rule 13(d) T.R.A.P. We find a preponderance of the evidence to support the trial court's findings regarding Wife's contribution to the marriage, Husband's "much greater" earning capacity and Wife's inability to be economically rehabilitated. However, we cannot agree with the trial court's inclusion within Husband's expenses all those incurred for the benefit of the parties' son. The record reveals that Husband's list of monthly expenses includes those incurred for Greg's dental and uncovered medical costs, school tuition and supplies, utilities and groceries. The record indicates that Greg is capable of some financial contribution for his care. Husband has also included within his monthly expenses approximately $1,600 for first and second mortgages on the marital home, which according to the record, has been sold. Husband estimated his monthly rental expenses at $1,185.

It is well established that the most critical factors in adjudging an award of alimony are need and the ability to pay. *See, e.g., Loyd v. Loyd*, 860 S.W.2d 409, 412 (Tenn. App. 1993). The other factors enumerated in T.C.A. § 36-5-101(d) are also to be considered, when relevant. Wife's affidavit of monthly expenses denotes that her health insurance will increase to a minimum of $500 after Husband's obligation to continue her on his insurance policy is satisfied. Clearly, Wife is in need of some additional assistance to cover the cost of her health insurance. We conclude that based upon the record before us, and having considered all relevant factors, that Wife is entitled to an additional $1,000 per month as *alimony in futuro*.

As to Wife's second issue, we find an award of her attorney's fees for this appeal appropriate. This cause is, therefore, remanded to the trial court with instructions to determine such

---

[3]Husband has served two terms in this position and his plans are to seek a third term in 1998.

fees as reasonable.

The judgment of the trial court is hereby affirmed as modified and this cause remanded to the trial court with the instructions as hereinabove set forth. Costs are assessed against Waymon Frederic Axley, for which execution may issue if necessary.


_____
FARMER, J.



_____
LILLARD, J. (Concurs)



_____
TOMLIN, Sr. J. (Concurs)

_____

|  |  |  |
|---|---|---|
| | ) | |
| **WAYMON FREDERIC AXLEY,** | ) | Shelby County Circuit Court |
| | ) | No. 143643 R.D. |
| Plaintiff/Appellee. | ) | |
| | ) | |
| VS. | ) | C. A. No. 02A01-9412-CV-00283 |
| | ) | |
| **BEVERLY ANNE MALLETTE AXLEY,** | ) | |
| | ) | |
| Defendant/Appellant. | ) | |
| | ) | |

FILED

**August 7, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**O R D E R**

_____

The Appellee has filed a motion for clarification concerning this Court's opinion in this matter filed May 9, 1996 and Appellant has filed a response thereto.

The trial court awarded Appellant $1,500 per month as *alimony in futuro* and this Court increased that award by $1,000 per month. It is Appellee's position that the increase in alimony become effective as of the date of this Court's opinion on May 9, 1996. It is the Appellant's position that the increase is retroactive to the date of the judgment entered in the trial court.

The increase in alimony shall become effective as of the date of the entry of this Court's opinion on May 9, 1996 and the opinion of this Court is amended accordingly.

Enter this _____ day of August, 1996.

_____

FARMER, J.

_____

LILLARD, J.

_____

TOMLIN, Sr. J.